FLINT & P. M. R. CO. v. McPHERSON.

(Circuit Court of Appeals, Sixth Circuit. December 4, 1900.)

No. 850.

PLEADING—VARIANCE—WAIVER OF OBJECTION.

Under the liberal provisions of the Ohio Code which apply to actions at law in the federal courts, where a case has been fairly submitted to the jury upon the evidence introduced without objection, the judgment will not be reversed because such evidence is at variance with the allegations of the pleadings, which might have been amended to conform thereto as of right had seasonable objection been made.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

After dark on the evening of the 19th day of February, 1898, at Sanford, Mich., the plaintiff below, while in the discharge of his duties as a brakeman for defendant, fell or was knocked from one of its trains against a pile of wood which had been placed close to the track of the railroad for shipment. The plaintiff was an experienced brakeman, and had been in the defendant's employment as such on one of its freight trains for some months. The pile of wood was about 105 feet long, and extended along the north siding of the defendant's road at Sanford, and within less than 6 feet from the north rail. The engine had been detached from its train, and had come onto this siding for the purpose of taking out a loaded car which stood thereon some distance beyond two other cars on the same track; and the plaintiff, having opened the switch to let the engine on the siding, assisted in coupling the cars which stood at various distances from the switch, and, when all were coupled, had got upon the one of them nearest to the engine, which then moved towards the main track. Ladders for ascending and descending were located at each end of the car, and on the left-hand side of the end as the car was approached. This well-established and now admitted fact located the ladder on the rear of the car at a place different from where the plaintiff stated it to be in his pleadings. The night was dark, and the snow was falling. When the engine proceeded to move off the siding with the three cars thus attached to it, the plaintiff, with his lantern, being, as stated, on the top of the car nearest to the engine, started to get off in order to throw the switch, as was his duty, and in attempting to descend the ladder, in some way, which he could not with entire clearness explain, fell or was knocked off. Some of the sticks of wood projected a considerable distance beyond the face of the pile, and thus probably came within less than eight inches of a car passing over the track. McPherson was thrown against the woodpile, and from thence towards the train, where one arm, falling under the cars, was so nearly cut off as to require amputation. The plaintiff had seen the woodpile several times in passing through Sanford on the train on the main track, but had never observed it closely, and did not know its exact distance from the rails. The rules of the defendant company required that wood for shipment should not be piled nearer to the track than six feet from the rail, but the station agent had permitted in this instance a violation of that rule. No one except the plaintiff saw the accident, and his memory was—perhaps naturally—much confused by the rapid and unfortunate succession of dangerous events in which he was injured. At the trial below there was a verdict and judgment for the plaintiff, and the railroad company has brought the case here.

Robert Tucker, for plaintiff in error.

Frank A. Quail, for defendant in error.

Before LURTON and SEVERENS, Circuit Judges, and EVANS, District Judge.

EVANS, District Judge, after stating the facts, delivered the opinion of the court.

Although there has been an elaborate argument in this case of quite a large number of assignments of error, a very careful consideration of them and of the whole record leads us to the conclusion that only one phase of the case need be considered in this opinion. It is that in which the plaintiff in error complains that the court below erred in its charge to the jury in permitting them to determine whether the injury to the plaintiff was the result of extending or protruding his body beyond the edge of the car when he was attempting to get off of it on his way to the switch, and whether his body was thereby brought in contact with any of the sticks of the wood which had been piled in dangerous proximity to the track. It is insisted that the learned judge, in charging the jury, erroneously assumed that there was evidence to support the language he used in this connection. It is also insisted that there was no proof, and no claim by the plaintiff in his pleading, that the accident occurred in that manner; and that it was impossible, notwithstanding the plaintiff's statement in his pleading to that effect, that the ladder by which he descended was on the right side of the rear end of the car. It is true that the plaintiff could not very clearly state the exact manner in which the injury occurred, but this is not surprising under the circumstances, and the jury evidently concluded that the accident occurred in the way indicated. We do not think that this case, upon the record, can be determined upon such technical niceties as the plaintiff in error invokes. We think, on the contrary, that the evidence admitted of the construction allowed to be given to it by the charge, and that the court left it to the jury so to construe the evidence if they chose. There was no error in this, as the determination of the question was left entirely with them. Indeed, the court below, in its charge, seems very clearly to have submitted to the jury all the questions raised by the evidence. Under the very liberal practice in Ohio (to which the statute required the circuit court to conform) we think that, although the testimony, which was in fact admitted, took a wider, and possibly a different, range than the pleadings, in strictness, might have warranted, still that, under the authority of cases like Hoffman v. Gordon, 15 Ohio St. 218, it was not improper to leave the case to their determination upon the evidence actually before them. In that case it was said:

"The evident object of the Code is to vest in the court a discretion, where it can be done without surprise or injury, to try the case upon the evidence, outside of the pleadings; and, if objection be made, to allow the pleadings to be conformed to the evidence at once, and without terms. When a trial is so had, without objection, we are only carrying out the spirit of the Code by refusing to reverse the proceedings on account of the variance. Had this evidence been objected to when offered, it is quite apparent that the plaintiff would have asked and obtained unconditional leave to amend. To allow the defendant, after he has suffered the evidence to go to the jury without objection, to reverse the judgment on that account, would be manifestly unjust to the other party."

The testimony clearly shows that the ladder was on the left, and not on the right, side of the rear end of the car, but there was no objection to the introduction of this testimony upon the ground of variance or otherwise, and the case afterwards proceeded with this. fact established.

It seems to the court that there is nothing which calls for special observation upon the other assignments, although we have carefully examined them all. The one we have noticed not being well taken, the judgment is affirmed.