SCHIFFER et al. v. ANDERSON.

(Circuit Court of Appeals, Eighth Circuit. May 9, 1906.)

No. 2,240.

**1. Courts—Federal Courts—Diversity of Citizenship.**

The requisite diversity of citizenship exists where the plaintiff, a citizen of Iowa, sues a citizen of New York and two citizens of Colorado in the federal Circuit Court of the latter state. The right to object that the citizen of New York is being sued in Colorado is a privilege personal to him and cannot be made by his codefendants; nor is jurisdiction over the defendants, who are citizens of Colorado, affected by the fact that service is not had upon nor appearance made by the citizen of New York, the latter not being an indispensable party.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 856, 857.

Diverse citizenship as a ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.]

**2. Partnership—Pleading—Variance.**

Where a complaint alleged that defendant S. was a member of defendant's firm, and though the other defendants had accurate knowledge of the facts they did not specially traverse such averment, but proved the contrary under a general denial, the variance was not material, and the complaint would be deemed amended to conform to the proof.

**3. Money Received—Pleading.**

Plaintiff alleged that he and his associate were informed that N. was the owner of certain land in Colorado; that they deposited with defendants, who were doing a banking business, $4,200 as earnest money to convince N. that they were acting in good faith in negotiating for the purchase of the property, which money was to be paid to N. when she made a conveyance to plaintiff and his associate, subject to certain mortgages, which were to be distributed among the portions of the land in a particular way, etc.; that N. in fact did not own the land, having contracted to convey the same to defendants for a less sum, and was unable to convey the land with the mortgages distributed according to agreement, whereupon plaintiff and his associate demanded a return of the money, which defendants refused; that plaintiff's associate transferred to him all his right to the money so deposited. *Held*, that the complaint stated a sufficient cause of action.

**4. Principal and Agent—Acts of Agent—Scope of Authority.**

An agent purporting to represent N. as the owner of certain land attempted to negotiate a sale thereof to plaintiff, and as a part of the negotiations induced plaintiff and his associate to deposit $4,200 in defendants' bank, to be paid to N. on the delivery of title, etc. The agent represented that no one else was making any commission or profit out of the sale, and that the price charged plaintiff was N.'s lowest net price. In fact N. had given defendants a secret contract to sell the land to them for $3 less per acre, and, the transaction not having been consummated, plaintiffs sued to recover the deposit. *Held* that, whether the agent's acts were within the apparent scope of his authority or not, defendants could not deny his authority, and yet retain the money paid on the faith thereof.

**5. Evidence—Admissions of Agent.**

Where a real estate agent was the secret but accredited representative of defendants in an attempt to sell certain lands to plaintiff, evidence of what he did and said while in the performance of his duty as agent was admissible against defendants.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 893–907.]

In Error to the Circuit Court of the United States for the District of Colorado.

This was an action by Anderson, a citizen of Iowa, to recover $4,200 from H. Schiffer, a citizen of New York, and Abe Schiffer and I. W. Schiffer, citizens of Colorado, who were alleged to be copartners as H. Schiffer & Bro., and also under the name of the Bank of Alamosa. H. Schiffer was not served with process, and did not enter an appearance in the cause. The evidence showed that he was not a member of the firm, and no judgment was rendered against him. The complaint was in four counts, each one setting up a different theory of the cause of action for the recovery of the same sum of money. Being required by the order of the trial court to elect upon which he would stand, the plaintiff selected the third. One McInturff, also a citizen of Iowa, was associated with the plaintiff in the transactions that resulted in the cause of action, but he assigned all of his rights to the plaintiff before the action was commenced. The trial was to a jury. The plaintiff secured a verdict and a judgment for the amount claimed, and the defendants, Abe Schiffer and I. W. Schiffer, copartners, as above stated, sued out this writ of error.

L. F. Twitchell (Frank C. Goudy and C. H. Redmond, on the brief), for plaintiffs in error.

T. J. O'Donnell (J. W. Graham, Jr., on the brief), for defendant in error.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is contended that the naming of H. Schiffer as a defendant was fatal to the jurisdiction of the trial court. But the plaintiff was a citizen of Iowa as was also his assignor of part of the cause of action. H. Schiffer was a citizen of New York, and the other two defendants were citizens of Colorado, where the action was brought. There was therefore such a diversity of citizenship between the plaintiff and his assignor on one side, and all of those named as defendants on the other, as satisfied the jurisdictional requirement. Sweeney v. Carter Oil Company, 199 U. S. 252, 26 Sup. Ct. 55, 50 L. Ed. 178. Had H. Schiffer been brought in by process, the assertion of an objection to being sued in Colorado would have been a privilege purely personal to him. Railway v. McBride, 141 U. S. 127, 130, 11 Sup. Ct. 982, 35 L. Ed. 659. It could not have been made by the other defendants. Moreover, had he been discharged by the court upon appearance and objection, the cause would nevertheless have proceeded against the others. He was in no sense an indispensable party. He was not served and did not appear. That there was no formal order of dismissal as to him does not affect the substantial rights of the parties.

It is also claimed that there was a variance between the complaint and the proofs. It was averred in the complaint that H. Schiffer was a member of the defendants' firm. While the other defendants had complete and accurate knowledge of the facts in the matter, they did not specifically traverse this averment in their answer, but under a general denial they furnished proof at the trial that H. Schiffer was not a member, and then contended that there was such a variance as defeated plaintiff's right to recover. The old technical rules as to

variance are now seldom applied in all their strictness. The departure from them is due to the more liberal and enlightened decisions of the courts and the provisions of statutes. A variance between a pleading and the proofs is not now considered to be fatal unless it be of a character to mislead the opposite party in maintaining his action or defense on the merits. Nash v. Towne, 5 Wall. 689, 698, 18 L. Ed. 527; Grayson v. Lynch, 163 U. S. 468, 477, 16 Sup. Ct. 1064, 41 L. Ed. 230; Railroad v. Hickey, 166 U. S. 521, 531, 17 Sup. Ct. 661, 41 L. Ed. 1101; Moses v. United States, 166 U. S. 571, 578, 17 Sup. Ct. 682, 41 L. Ed. 1119. This doctrine conforms to the letter and spirit of section 954 of the Revised Statutes [U. S. Comp. St. 1901, p. 696], declaring that judgment shall be given according to the right of the cause, without regard to defect or want of form. It also finds explicit recognition in the Colorado Code (section 78, Mills' Ann. Code), which declares that in every stage of an action the court shall disregard any error or defect in the pleadings or proceedings which shall not affect the rights of the parties, and that if a variance between the allegations of the pleadings and the evidence develops upon the trial of an action the court may authorize an amendment if either party is surprised thereby. In this connection see Pope v. Allis, 115 U. S. 363, 367, 6 Sup. Ct. 69, 29 L. Ed. 393. The defendants were not misled by the averment in the complaint that H. Schiffer was a member of their firm, nor were they surprised when it developed through their own showing that he was not. Doubtless, the trial court considered the complaint as having been duly amended, and we should likewise so consider it on appeal.

The third count of the complaint upon which the plaintiff elected to stand states facts sufficient to constitute a cause of action. After the averments of diverse citizenship, amount in controversy, and the partnership of the defendants, it proceeds to say that the plaintiff and McInturff, his associate, were informed that one Mrs. Nelson was the owner of 2,000 acres of land in Conejos county, Colo.; that they deposited with the defendants doing business as the Bank of Alamosa the sum of $4,200 as earnest money, to convince Mrs. Nelson that they were acting in good faith in negotiations for the purchase of the property, carried on between them and the defendants and one Ambler as the reputed agents of Mrs. Nelson; that the money was to be paid to Mrs. Nelson when she made conveyance of the property to the plaintiff and McInturff by good and merchantable title, subject to a mortgage for $1,200 on each quarter section of the land, and one for $600 on the odd 80 acres, the gross amount of the mortgages being $15,000; that in fact Mrs. Nelson did not own the land, and was unable to convey it by good and merchantable title, and was unable to convey it with the mortgages distributed according to the agreement; that the plaintiff and McInturff thereupon demanded of defendants the return of their money, and the latter refused to return it; that prior to the commencement of the action McInturff, who was a citizen of Iowa, transferred to the plaintiff all of his rights to the money.

The undisputed evidence conclusively established this cause of action. Although Ambler held himself out to be the agent of Mrs.

Nelson, he did not represent her, but in fact secretly represented the defendants Abe and I. W. Schiffer. He stated to the plaintiff and McInturff that Mrs. Nelson owned the property, that her price was $15 per acre, or $30,000 for the entire tract, and that no one else was making any commission or profit out of it, whereas the fact was that some months before the commencement of the negotiations between Ambler and the plaintiff and McInturff, the defendants, by the payment of $100, secured from Mrs. Nelson a written agreement to sell them the property for $12 per acre, and a renewal of that agreement was in force while the negotiations were going on. Ambler and the defendants were endeavoring to make the difference of $3 per acre, or $6,000, by having Ambler represent that he was acting for Mrs. Nelson, and that $15 per acre was her lowest net price. Both the plaintiff and McInturff testified that the agreement with Ambler was that the $4,200 paid by them should be deposited with and held by the defendants' Bank of Alamosa until they (the plaintiff and McInturff) secured a deed from Mrs. Nelson, and that the balance of the purchase price when the transaction was closed was to be represented by an existing blanket mortgage for $15,000, and a second mortgage given by them, both of which should be divided and distributed among the quarter sections of land and an odd 80 acres, so that the land could be advantageously resold in parcels, and the mortgages released as the sales were made. This testimony was not disputed by Ambler, and there was no one else who was competent to dispute it. The real connection of the defendants with the transaction was carefully concealed, and this was according to the agreement between them and Ambler. When the $4,200, with $800 additional furnished by Ambler, was deposited in the Bank of Alamosa, it was applied by the defendants upon their own purchase from Mrs. Nelson. In other words, notwithstanding Ambler's agreement with the plaintiff and McInturff that their money should be held until they got a deed from Mrs. Nelson and until the blanket mortgage upon the property was split up and distributed, their money was paid out and disbursed. They never got a deed, the blanket mortgage upon the property was never arranged according to agreement, and their money was misappropriated by the defendants. Demand was made upon the defendants for a return of their money, and it was refused. It was admitted that Ambler was the agent of the defendants to sell the land and that the agency was concealed. It was also admitted that the defendants received the $4,200.

In view of the foregoing facts, there is no theory of the case that could have defeated the plaintiff's recovery, and the trial court should have directed a verdict for the plaintiff. The contention of the defendants that they did not know of or authorize the agreements and representations of their agent Ambler is not entitled to consideration. Even had he admitted that he was acting for the defendants instead of for Mrs. Nelson, what he did would have been within the apparent scope of his authority. But whether so or not, the defendants would not be permitted to deny his authority, and yet to hold onto the money paid them upon the faith thereof.

Some of the assignments of error are directed to the competency

of the testimony of the plaintiff and McInturff as to their conversations with Ambler. In view of the fact that Ambler was the secret but accredited representative of the defendants, evidence of what he did and said while in the performance of his duties as agent was admissible against them. There are 71 assignments of error, but there is nothing in any of them that affects the necessary conclusion that, in view of the admitted facts and those that were indisputably established by lawful evidence, the plaintiff was entitled to a verdict and to a judgment. Whatever of error there was in the proceedings of the trial court did not prejudice the defendants.

The judgment is affirmed.