## ERIE R. CO. v. WHITE.

### (Circuit Court of Appeals, Sixth Circuit. April 4, 1911.)

#### No. 2,068.

**1.** COURTS (§ 363*)—MASTER AND SERVANT (§§ 204, 228*)—ACTION FOR INJURY TO EMPLOYÉ—OHIO STATUTE—ASSUMPTION OF RISK—CONTRIBUTORY NEGLIGENCE.

Act Ohio Feb. 28, 1908 (99 Ohio Laws, p. 25), relating to the liability of railroad companies for injuries to employés, and providing that such companies shall be liable for damages resulting from the injury or death of an employé, when such injury or death was caused by a defect in any rail or track required by such company to be used by its employés, that any such employé shall not be deemed to have assumed the risk occasioned by such defect, and that contributory negligence shall not bar recovery when the negligence was slight and that of the employer was greater in comparison, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employé, may be applied in the federal courts in Ohio, and in cases to which it applies abolishes entirely the defense of assumption of risk and also of contributory negligence as an absolute defense in bar, substituting therefor the rule of comparative negligence.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 939; Dec. Dig. § 363;* Master and Servant, Cent. Dig. §§ 544, 670, 671; Dec. Dig. §§ 204, 228.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

**2.** MASTER AND SERVANT (§§ 228, 263*)—ACTION FOR INJURY TO EMPLOYÉ—CONTRIBUTORY NEGLIGENCE—OHIO STATUTE.

Such statute does not create an exception to the general rule in relation to contributory negligence, but prescribes a new rule, under which the question whether such negligence bars a recovery depends on the character and extent of the contributory negligence; and where such negligence is pleaded as a defense, a special replication alleging its slight character is not necessary to authorize the court to apply the statute.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 668, 670, 671, 860; Dec. Dig. §§ 228, 263.*]

**3.** MASTER AND SERVANT (§ 289*)—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY—PROXIMATE CAUSE OF INJURY.

In an action against a railroad company for the death of an employé, who was killed while negligently walking between cars in a moving train by having his foot caught because of the defective blocking of a guard rail, the question whether the proximate cause of the injury was the negligence of deceased in walking between the cars or the defective blocking *held* properly submitted to the jury under the evidence.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 289.*]

In Error to the Circuit Court of the United States for the Northern District of Ohio.

Action at law by Eliza J. White, administratrix of the estate of Howard White, against the Erie Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Cushing, Siddall & Palmer, for plaintiff in error.

Skiles, Green & Skiles, R. B. Newcomb, and A. G. Newcomb, for defendant in error.

Before WARRINGTON and KNAPPEN, Circuit Judges, and DENISON, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DENISON, District Judge. The administratrix (hereinafter called plaintiff), in the interest of those dependent upon the deceased, recovered in the court below a judgment for damages resulting from his death. The action was based upon the negligence of the railroad company (hereinafter called defendant) in not properly blocking a guard rail. Deceased was a switchman of considerable experience, employed in the yards at Kent, Ohio. In the process of making up a train, the engine pushed back a string of several cars coupled together, and it became White's duty to break the train at a certain point. He was seen walking alongside the train at this point as it was moving slowly to the rear, and he apparently tried, from this position, to operate the coupling. He was then seen to step between the cars, while they were still in motion. Later his body was found a little further along, crushed and mangled. One shoe was found near the guard rail, and its broken lacing indicated that the foot had been torn out while the shoe was held fast. The action was brought and the judgment rendered upon the theory that the guard rail was blocked by a piece of wood which, at the outer end, was too thin, so that it left, between its upper surface at the edges and the lower part of the ball of the rail, space sufficient to catch and hold the projecting edges of the sole of a shoe, and that, as White was walking along, between the moving cars, endeavoring to open the coupling, his foot was caught in this space, as in a trap.

Aside from the question of fact as to the defective condition of the block, the substantial defenses were: First, that White's act in going between the moving cars was either itself the proximate cause of his injury or was contributory negligence; and, second, that a guard rail or a frog perfectly blocked is nevertheless dangerous, in that, even when the block is as thick as the flange of the wheels will permit, there is still danger of catching the sole of the shoe between the upper surface of the block and the under swell of the ball of the rail, so that the alleged defective blocking would only create a slightly greater degree of the same danger which must always exist, and hence the defect in the block did not break the proximate relation connecting walking along between the cars as the cause and the injury as the effect.

The case was tried upon issues made in terms of proximate cause and remote cause, rather than in terms of negligence and contributory negligence; but in the facts of this case we see no substantial distinction between the different terms. The recovery must rest upon the negligence of the defendant in performing its duty to provide a safe place to work, or the equivalent statutory duty, and whether it should be said that White's act in going between the cars was contributory negligence, or was an independent cause, intervening between the negligent blocking and the injury, does not affect the result.

Under the charge, the verdict of the jury amounts to a finding that the defective condition of the block was the proximate cause of the injury, and that the going between and walking along between the cars was not such proximate cause.

[1] By an Ohio act approved February 28, 1908 (99 Ohio Laws, p. 25), and entitled "An act to qualify the liability of railroad com-

panies for injuries to their employés," it was provided that every railroad company operating within the state should be liable for damages resulting from the injury or death of an employé, "when such injury or death was caused by a defect in any  *  *  *  rail, track  *  *  * required by such company to be used by its employés,  *  *  *  and any such employé  *  *  *  shall not be deemed to have assumed the risk occasioned by such defect." The act further provided that contributory negligence "shall not bar recovery where the negligence was slight and that of the employer was greater in comparison, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employé. All questions of negligence and contributory negligence shall be for the jury."

This statute was not referred to in the complaint, nor made the basis of any action at the trial; but it seemed to us that it might have an important bearing on the questions involved, and we asked for and received, from counsel on each side, briefs regarding the statute and its application.

No reason is assigned, and we observe none, why this statute does not, in the cases to which it refers, abolish entirely the defense of "assumption of risk," and abolish also the defense of contributory negligence, as an absolute and invariable defense in bar, substituting therefor the rule of comparative negligence; nor why the substantive law of Ohio, thus established, should not be applied in the federal courts.

Whether the provision that all questions of negligence are for the jury should be held not to govern trials in the federal courts, and whether this provision attempts unlawfully to invade the province of the court, and whether "slight negligence" means only "lack of extraordinary care"—as defendant's counsel argue—all are questions not now involved.

Defendant had a rule forbidding employés to go between cars in motion. Plaintiff gave evidence claimed to show an abandonment of the rule. Defendant objected to the admission of this evidence, asked instructions to the effect that the evidence was insufficient to show such an abandonment, and assigns error because the evidence was admitted and the instructions refused. These questions need not be considered on their merits, because the court charged that White's act in going between moving cars was negligent, and that, if such act led to his injury, he could not recover. The rule, if in full force, could give defendant no greater benefit than it received by this instruction. White's violation of an existing rule would not affect the right of action, unless there was causal relation between the violation and the injury.

The theory of the plaintiff's declaration and proofs and of the submission to the jury was that White's foot was caught and held in the defective blocking and thereby he was killed. Here was the negligence counted upon. The jury found that this negligence did exist, and that it did cause his death. In an action resting on this theory, and in the light of this finding, the fact that White went between moving cars, and while in that position walked along the track, could only be important as tending to establish contributory negligence; and all of defendant's requests, exceptions, and assignments on this

subject are based on the theory that White's negligent act, if it had a material part in leading to his injury, no matter how slight as compared with defendant's, was contributory negligence, and so would bar the action. This, as we have seen, is not the law in Ohio with reference to an injury resulting from a defective track; and this defect, as established by the verdict, was of that character.

[2] Defendant's counsel say that the statute on this subject must be disregarded, because it creates an exception to a general rule, and that, when defendant's plea alleged White's contributory negligence, it was incumbent on plaintiff, by replication, to invoke the statutory exception, viz., the slight character of White's negligence, and that, in the absence of such replication, the statute cannot be applied. We do not so understand the situation. The statute does not leave the general rule in full vitality with certain exceptions. It prescribes a new rule, with general, average application. In every case the bar is to depend, not on the existence of contributory negligence by plaintiff, but on the character and extent of that negligence. The analogy of the rule that a plea of the statute of limitations need not negative the exceptions is not close. There the unusual circumstances of a particular case may take it out of a general rule; here the general rule, as modified, itself always must take account of the particular circumstances. We are satisfied that to require a special replication in order to authorize the court to apply the existing statute would be overtechnical.

Defendant's requests and exceptions ignore this statutory change. It follows that there was no error, of which it can complain, in any charge or refusal upon the subject of contributory negligence, which charge or refusal rested on the theory that the common-law rule was still in full force.

It is contended that a guard rail, perfectly blocked, presents a danger of the same class, though less in degree, than the danger presented by this imperfect block, and hence that White was bound to anticipate the exact danger existing, and, under the rule of Gleason v. Railroad, 73 Fed. 647, 19 C. C. A. 636, cannot recover. We think, rather, that it falls into the class of a rail with no block at all, considered in Railroad v. Craig, 73 Fed. 642, 19 C. C. A. 631. Indeed, it is rather worse than no block at all, because it presents a superficial appearance of safety, and invites the switchman to step upon or over it, if necessary. It is, amplifying the comparison, not only a trap, but a baited trap.

Defendant's counsel, relying on the analogy of the Craig Case, urge that the jury should have been permitted to find whether the risk from a perfect blocking and the risk from this block were in fact of the same class, and should have been instructed that, if they were of the same class, plaintiff could not recover. If the instructions given are not substantially equivalent to this, the point was not raised by any request, and is not supported by exception or assignment.

[3] Considering all the facts and the force to be given the Ohio statute, the controlling question must be whether the proximate cause of the injury was the presence of the defective blocking or the walking along between the cars in motion. The circumstances permitted the

inference, as of fact, that such walking along a track and over rails in good order would not have resulted in the injury, but that the defective blocking was an independent, intervening condition directly responsible, or, on the other hand, the inference that such walking along between the cars in motion was, of itself, essentially responsible, and that the blocking was an incidental condition of aggravation. Having received careful and proper instructions, the jury drew the former inference, and, under the circumstances of this case, we cannot say that such inference was unauthorized.

The judgment below is affirmed, with costs.