ERIE R. CO. v. KENNEDY.

(Circuit Court of Appeals, Sixth Circuit. November 7, 1911.)

No. 2,124.

1. COURTS (§ 276*)—JURISDICTION OF FEDERAL COURTS—DISTRICT OF SUIT—
   WAIVER OF OBJECTION.
      Where, in an action in a federal court by an employé against a railroad company for a personal injury, although the petition did not expressly declare upon the federal employer's liability statute, the court submitted the case to the jury upon the theory that it was based on that statute, the failure of defendant at any time to raise the objection that it was not suable under such statute in that district was a waiver of such objection.
      [Ed. Note.—For other cases, see Courts, Cent. Dig. § 815; Dec. Dig. § 276.*
      Waiver of right as to district in which suit may be brought, see notes to Memphis Sav. Bank v. Houchens, 52 C. C. A. 192; McPhee & McGinnity Co. v. Union Pac. R. Co., 87 C. C. A. 634.]

2. PLEADING (§ 388*)—VARIANCE.
      A variance between pleadings and proof is not material, unless of a character to mislead the opposite party.
      [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1305–1308; Dec. Dig. § 388.*]

3. APPEAL AND ERROR (§ 1066*)—REVIEW—HARMLESS ERROR—INSTRUCTIONS.
      Instructions in an action by a railroad employé for a personal injury, given on the theory that the action was based on the federal employer's liability statute, even if erroneous, because not warranted by plaintiff's pleading, were not prejudicial to defendant, unless the rules

of liability under such statute were more burdensome than those under the alternative state statute.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. § 1066.*]

**4. APPEAL AND ERROR (§ 273*)—EXCEPTIONS TO INSTRUCTIONS—NECESSITY FOR SPECIFIC EXCEPTIONS.**

A general exception to a charge, on the ground that it erroneously submitted the case under a federal statute, which was not applicable to the case made by the pleadings, is not sufficient to sustain assignments of error based on specific differences between the rules of liability stated and those prescribed by the alternative state statute.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1620, 1621; Dec. Dig. § 273;* Trial, Cent. Dig. §§ 689–696.]

**5. TRIAL (§ 63*)—ORDER OF PROOF—DISCRETION OF COURT.**

The admission in rebuttal of testimony which is not strictly rebuttal, but which should have been introduced in chief, is within the discretion of the court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 151–153; Dec. Dig. § 63.*]

In Error to the Circuit Court of the United States for the Northern District of Ohio.

Action at law by Frank L. Kennedy against the Erie Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. E. Cushing (Cushing, Siddall & Palmer, on the brief), for plaintiff in error.

R. B. Newcomb and F. M. Cobb (Skiles, Green & Skiles and R. B. & A. G. Newcomb, on the brief), for defendant in error.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

DENISON, Circuit Judge. Kennedy was a yard brakeman for the Erie Railroad Company, at Cleveland. He was injured while handling his brake in the process of unloading a car of coal through an unloading machine, and brought this action, alleging that the unloading machine and the brake were negligently permitted to be in unsafe condition and that his injury resulted from such negligence. He recovered a judgment, and the railroad company brings error.

We name the parties as they were below. The appellant presents two questions only: (1) Should the suit have failed, because brought in the wrong forum? and (2) was the court right in its action with regard to a specific piece of evidence?

[1] The question of forum arises in this way: The plaintiff's petition described generally the right of action alleged, and did not specify any reliance upon the Ohio statute (General Code, § 9017) fixing the rules of assumed risk, safe place to work, contributory negligence, and fellow servants; nor did it count upon the federal statute regulating the same subject-matters, when arising in interstate commerce (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1171]). The defendant's plea put in issue the negligence alleged in the petition, and added this clause:

"Defendant further says that it is, and at all times mentioned in said amended petition was, a common carrier by rail, and that in the dumping

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of said car, and in all things done with reference to said car, from said dumping up to and including the time of the occurrence of said injury to plaintiff, defendant was engaged in commerce between the several states of the United States of America, and that plaintiff suffered his said injury while he was employed by defendant in such commerce."

Excepting as should be implied from the paragraph just quoted, defendant did not question the jurisdiction over it or over the subject-matter, and the case regularly came on for trial on its merits. Upon the trial, it appeared without dispute that the coal which, at the time of the accident, had just been emptied from the car, was in transit from Pennsylvania to Wisconsin, and that the unloading was in connection with the transshipment from car to boat incidental to such through shipment. At the close of the testimony and after the argument to the jury, this occurred:

"The Court: Is there any controversy between you gentlemen as to whether or not this case falls within the federal liability act?

"Defendant's Attorney: We think it does not, because the petition does not bring it.

"The Court: You insist that it does?

"Plaintiff's Attorney: We insist that it does, and, if the court would say that it does not, it falls under the law of Ohio."

The defendant also requested an instructed verdict.

The court then submitted the case to the jury upon the theory that the action was being prosecuted under the federal law, and gave to the jury the rules of assumed risk, fellow servant and comparative negligence established by that act. The defendant excepted to the refusal to instruct a verdict, and excepted to those portions of the charge which applied the act of Congress.

In this court, the railroad company insists that the petition must be treated as alleging only a common-law liability, or a liability under the Ohio statute, and that the testimony showed only a case arising under the federal statute; that there was a variance between the petition and the proofs; and that defendant was prejudiced by the action of the court, because, if the suit had been properly planted upon the federal statute, the defendant, under the state of the law existing at that time (Newell v. B. & O. R. R. Co. [C. C.] 181 Fed. 698), would have been entitled to insist that it could be sued only in the district of which it was an inhabitant—which, in this case, is in New York.

We do not find it necessary to consider what would have been the result if defendant had seasonably raised this question of jurisdiction over its person. Under the familiar rule, that objection is waived unless raised at the first opportunity calling for election between insisting on the objection or taking inconsistent action (In re Moore, 209 U. S. 490, 496, 501, 28 Sup. Ct. 585, 706, 52 L. Ed. 904; L. & N. R. R. Co. v. Fisher [C. C. A. 6] 155 Fed. 68, 83 C. C. A. 584, 11 L. R. A. [N. S.] 926), and we are called upon to apply this rule of waiver. The defendant says the opportunity never came, because the petition never was amended so as to state this theory of liability. We think what did occur amounted to a waiver. The act of the court in proceeding to submit the case to the jury on the theory that it was under the federal statute was equivalent to holding either that the pe-

tition was sufficient to support such a theory, or that the petition should be treated as, in this respect, amended, and that such amendment, being, so far as appeared to the court, a mere formality, did not require entry of record. Pennsylvania Co. v. Whitney (C. C. A. 6) 169 Fed. 572, 578, 95 C. C. A. 70.

In neither view was defendant prejudiced by thus proceeding with the case, unless it had a right to a trial in New York instead of in Ohio; and the claim of this right was never, in any manner, at any time, brought to the attention of the court below. If, at any time before the final submission, defendant had intimated its claim that, as the trial had developed, and as the case was being submitted, it was being sued in the wrong district, the court would have dealt with this claim in such manner as might have seemed proper. The opportunity and duty to raise the question of right or wrong district came as soon as it appeared that the trial was in fact proceeding upon the theory, and that the submission to the jury was to be upon the theory, that the case was one under the federal statute. If this territorial objection had been properly taken, and had been sustained, the utmost result would have been a dismissal of the action without prejudice; while the course pursued by defendant was adapted to compel a directed verdict—a result to which defendant was not entitled.

[2] In substance, defendant's position is that there was a variance between petition and proofs; but no such variance is material, unless it is of a character to mislead the opposite party. Pennsylvania Co. v. Whitney, supra. Here defendant was not misled, for the negligence of each party was in issue, under either theory, and defendant had set up in its answer the claim that its liability, if any, was under the federal act. The only misapprehension suggested by the record is that perhaps defendant was left at liberty to keep in reserve and under cover a point which it should have frankly declared, if it wished advantage therefrom; and of such mistake defendant cannot complain.

[3] Further, if we assume that an amendment of the petition was required in order to justify a submission under the federal statute, and that the action of the court was not equivalent to allowing an amendment, even then no prejudice would result to defendant, unless the rules of liability existing and given under the federal statute were more burdensome to it than those which existed under the Ohio statute and which, as defendant says, should therefore have been given. No substantial distinction between these rules is pointed out, save that the federal statute wholly abolishes contributory negligence as a defense in bar, and substitutes the rule of comparative negligence; while it is said that the Ohio statute leaves the defense of contributory negligence existing as a bar, except in those cases where plaintiff's negligence was comparatively slight—in other words, that it is not a bar when slight, but is a bar when great (not slight). This court said, in Erie Railroad v. White, 187 Fed. 556, that this Ohio statute had adopted, for that state, the rule of comparative negligence. For the purposes of that case, the statement was appropriate; but it seems not to be, in all cases, completely accurate.

[4] The utmost effect of the defendant's position would have been

to entitle it to a charge that if plaintiff was guilty of contributory negligence, not comparatively slight, he could not recover. Defendant did not request such a charge, but only, in general terms, that the federal statute be not applied. The two statutes cover several related subjects in generally similar terms. The assumption that it made, no difference which one was applied would not be unnatural, and would often, if not usually, be correct. If in this case the facts called for a distinction pertaining to a contingency arising under one of these several subjects, such distinction should have been pointed out by a specific request or exception. The general exceptions to a submission under the federal act (exceptions 13, 14, 15, 17, and 20) are not sufficient to support the point (Erie Railroad v. Schomer [C. C. A. 6] 171 Fed. 798, 805, 96 C. C. A. 458; Bluegrass Canning Co. v. Steward [C. C. A. 6] 175 Fed. 537, 541, 99 C. C. A. 159); nor are those exceptions taken because the jury was not instructed broadly that there could be no recovery if there was any contributory negligence (exceptions 11, 12, 21) sufficient to support an allegation of error based on this specific difference between the two statutes (Erie Railroad v. White, supra).

[5] The other question presented is one of evidence. The petition alleged that the truck at the east end of the car was derailed. The answer admitted a derailment. On the trial, plaintiff's case proceeded on the supposition that this allegation was admitted. Defendant then produced a witness (Kelly) who testified that it was the west truck that was off; and this was of some importance as affecting the plaintiff's negligence. On rebuttal, plaintiff called witness Frederick, and the following occurred:

"Q. Was the car off on the east end, at that time?

"Defendant's Attorney: To that we object. That was a part of their case in chief.

"The Court: The question he asks here is the question he asked Mr. Kelly, and I will permit him to repeat the same question to this witness, for the purpose only of using it, if he uses it at all, to contradict Mr. Kelly. Now, for that purpose, this question is competent.

"Plaintiff's Attorney: You are proving that the west end of the car was off, and we are trying to show the east end was off. I think that is rebuttal, clear-cut.

"Defendant's Attorney: I do not regard that as rebuttal. That is a part of their case in chief, to show the conditions existing there.

"The Court: Go ahead. Note the exception."

Defendant requested the court to charge the jury that the testimony of Frederick as to which of the trucks was off the track was not to be considered as establishing a fact, but only as bearing on the credibility of the testimony introduced by defendant. The court failed to give such charge, and the defendant excepted.

If the testimony in question was not strictly rebuttal, nevertheless, under the established rule, its admission for all purposes would have been discretionary, affecting only the order of proof. So the defendant presents nothing for consideration on this point except the failure to charge the specific request. It is not clear upon the record, as quoted above, that this testimony was admitted only as affecting the credibility of defendant's testimony. It was admitted for the purpose

of contradicting the testimony of one of defendant's witnesses as to a material fact. We think the testimony and the action of the court do not bear the construction put thereon by defendant in its request, and the failure to give the request was not error.

Defendant's brief makes the further point that the petition does not sufficiently identify the negligent agent of the corporation; but it does not point out any exception or assignment underlying this complaint, nor do we observe any. We are not inclined to search the record for supports for allegations of error, when appellant's brief does not indicate where such supports may be found. Rule 24 (150 Fed. xciii, 79 C. C. A. xciii).

The judgment is affirmed, with costs.