PENNSYLVANIA CO. v. COLE.

(Circuit Court of Appeals, Sixth Circuit. June 15, 1914.)

No. 2463.

1. PLEADING (§ 430*)—INJURIES TO SERVANT—RAILROADS—COLLISION—NEGLIGENCE—EVIDENCE—VARIANCE.

Where, in an action for injuries to a brakeman in a rear end collision, failure of the operatives of the following train to observe the markers on the caboose of the preceding train was not definitely alleged as a ground of negligence, but evidence thereof was admitted without objection of variance or surprise, such proof was available as a ground of recovery, since, had objection been made that the testimony was not covered by the petition, an amendment could and should have been allowed.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1438–1441; Dec. Dig. § 430.*]

2. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—RAILROADS—COLLISION—NEGLIGENCE—QUESTION FOR JURY.

Where plaintiff, a rear brakeman, while asleep in a caboose was injured in a collision with a following train which entered the block under caution signals and collided with the preceding train, though traveling at not more than five or six miles an hour, and there was evidence that markers were burning on the caboose of the preceding train, it could not be held as a matter of law that the operatives of the following train were not negligent in failing to discover the preceding train in time to avoid collision.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

3. MASTER AND SERVANT (§ 228*) — INJURIES TO SERVANT — RAILROADS — EMPLOYERS' LIABILITY ACT.

Under Federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), no degree of negligence on the part of an injured servant, however gross or proximate as a matter of law, can bar a recovery; the statutory direction that the diminution of plaintiff's recovery shall be in proportion to the negligence attributable to the employé being construed to mean that, where the causal negligence is partly attributable to the servant and partly to the carrier, the servant shall only recover an amount bearing the same proportion to the full amount as the negligence attributable to the carrier bears to the negligence attributable to both, it being impossible that plaintiff's negligence should equal the combined negligence of both plaintiff and defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 670, 671; Dec. Dig. § 228.*]

4. TRIAL (§ 83*)—RULINGS ON EVIDENCE—OBJECTIONS—GROUNDS.

An objection to evidence not stating any ground is unavailable.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 193–210; Dec. Dig. § 83.*]

5. APPEAL AND ERROR (§ 1064*)—INSTRUCTIONS—DAMAGES.

Where, in an action for injuries to a railroad brakeman under the Federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), the court charged that if plaintiff's negligence was as great as the negligence of defendant there might be an equality of negligence, and therefore no substantial recovery of any amount of damages could be had, defendant was not prejudiced by another instruction that plaintiff's recovery, if any, should be reduced by such an amount as the jury found the negligence attributable to him bore in proportion

to the negligence of defendant company, in that the latter might be construed to mean that if plaintiff was found twice as negligent as defendant he would recover one-half his damages.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219 4221–4224; Dec. Dig. § 1064.*]

6. MASTER AND SERVANT (§ 293*)—INJURIES TO SERVANT—RAILROADS—EMPLOYERS' LIABILITY ACT—INSTRUCTION.

A request to charge, that in the exercise of ordinary care the employés of a following train that collided with the train on which plaintiff was employed resulting in his injury were entitled to presume and to act on the presumption that the employés on plaintiff's train would obey the company's rules by sending a flag back to protect the rear end of that train if it stopped on the main track, was properly refused because likely to be understood as meaning that conclusive reliance might be placed on such expectation.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1148–1156, 1158–1160; Dec. Dig. § 293.*]

In Error to the District Court of the United States for the Northern District of Ohio; William L. Day, Judge.

Action by Clarence J. Cole against the Pennsylvania Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. C. Boyle, of Cleveland, Ohio, for plaintiff in error.

D. F. Anderson, of Youngstown, Ohio, for defendant in error.

Before WARRINGTON, KNAPPEN and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. Plaintiff was rear brakeman and flagman upon defendant's east-bound freight train. While his train was standing at about midnight on the main track to take water, it was run into from the rear, by another train consisting of an engine and caboose, and the caboose in which plaintiff was asleep was set on fire and plaintiff thereby severely injured. The railroad was equipped with the block system by which the movement of trains was controlled by signals along the railroad. The accident occurred in the block between Hudson and M. B. Junction, near Ravenna, Ohio. The negligence charged against defendant in the petition, so far as material here, consisted in: (a) Permitting the second train to be operated in the block in question when those in charge of it knew or should have known by means of the block system of the situation of plaintiff's train; and (b) failing to warn the second train by flagman or signal of the situation of the train ahead. The defenses, so far as material here, were (1) a denial of defendant's negligence, and (2) the contention that plaintiff's action was barred by his alleged gross and proximate negligence in failing to observe a rule which required the flagman when the train is stopped, under circumstances such as existed here, to go back immediately with stop signals a sufficient distance to insure full protection. There was trial to a jury and verdict and judgment for plaintiff. The errors assigned relate to the denial of motion for directed verdict, to the admission and exclusion of evidence, and to the giving and refusing of instructions.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1, 2] As to the motion to direct verdict: Plaintiff was an experienced brakeman. The testimony showed that the block signals were from 1,500 feet to a mile apart; that when the second train entered on the block it encountered a green light, which required caution in advancing and reduced speed; that the train, which was then running about 30 miles an hour, was slowed down until a red signal was reached which meant danger, and required a stop of a minute before proceeding; that this signal was obeyed, and a second red signal encountered, having the same meaning and requiring and causing similar action; that thereafter the train proceeded at but 5 or 6 miles an hour; that the caboose of the freight train was not discovered by those in charge of the second train until the former was within about 120 feet of the latter; and that the train could not be stopped, while under even the speed stated, within that distance, in time to avoid collision. It is conceded that no stop signals had been given by the standing freight. Defendant insists that there were no tail-lights or "markers" burning on the rear of the caboose of the freight train, as required by the rules of the company. If this were so, it would probably be difficult to see how, under the testimony, those operating the second train could be held negligent in running into the caboose of the forward train; but there was testimony from which the jury would be justified in finding that the lights were burning upon the caboose of the freight train at the time of the collision; and, as the night was clear and the track straight for a considerable distance, no conclusive reason is suggested for the failure to see the lights, if actually burning, in time to avoid the collision, assuming that the train was running at the limited speed stated and as required by the block signals. The failure to observe the markers on the caboose of the freight train was perhaps not definitely alleged as a ground of negligence, but the very first witness sworn in the case was called to testify to the existence of lighted markers upon the caboose; other witnesses gave testimony tending to the same effect, all without objection of variance or surprise. Had objection to this testimony been made on the ground that it was not covered by the petition, amendment could and should have been allowed. Pennsylvania Co. v. Whitney (C. C. A., 6th Cir.) 169 Fed. 572, 578, 95 C. C. A. 70; Law v. Ill. Cent. R. Co. (C. C. A., 6th Cir.) 208 Fed. 869, 870, 126 C. C. A. 27. In view of the testimony that the markers were burning, it cannot be said as matter of law that those in charge of the second train should not, by the exercise of reasonable care, have discovered the presence of the forward train in time to avoid the collision.

[3] But it is strongly pressed upon us that plaintiff's negligence in going to sleep in the caboose while on duty, and thus in failing to flag the following train, was negligence so gross and so proximate in its effect as to preclude all right of recovery. The danger to the interests of the traveling public from failure to enforce such rule is strongly urged. There can be no doubt, at the common law, such would have been the effect of plaintiff's alleged negligence; but the Employers' Liability Act expressly abrogates the common-law rule under which action was barred by the negligence of the plaintiff proximately con-

tributing to the accident and substitutes therefor the rule of comparative negligence. Under this act, no degree of negligence on the part of the plaintiff, however gross or proximate, can, as matter of law, bar recovery; for, as said in Norfolk & W. Ry. Co. v. Earnest, 229 U. S. 114, 122, 33 Sup. Ct. 654 [57 L. Ed. 1096], the direction that the diminution shall be "in proportion to the amount of negligence attributable to such employé" means that:

"Where the causal negligence is partly attributable to him and partly to the carrier, he shall not recover full damages, but only a proportional amount bearing the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both."

To say that plaintiff's negligence equals the combined negligence of plaintiff and defendant is impossible. In Grand Trunk W. Ry. v. Lindsay, 201 Fed. 837, 844, 120 C. C. A. 166, 174, in passing upon the contention that the plaintiff's action was barred by his proximate negligence, the Circuit Court of Appeals for the Seventh Circuit said:

"It is only when plaintiff's act is the sole cause—when defendant's act is no part of the causation—that defendant is free from liability under the act."

This ruling was held correct by the Supreme Court. Grand Trunk W. Ry. Co. v. Lindsay, 233 U. S. 42, 49, 34 Sup. Ct. 581, 58 L. Ed. ——. See, also, the decision of this court in Louisville & N. Ry. Co. v. Lankford, 209 Fed. 321, 126 C. C. A. 247.

[4] It follows that the court did not err in refusing to instruct verdict for defendant. It is proper to say that plaintiff claims that he lay down in the caboose with the permission of the conductor, and plaintiff's conclusion is that the latter was to "take the responsibility of the train on his shoulders"; but, in the view we take of the case, it is unnecessary to consider whether at all, or to what extent, plaintiff was relieved from the exercise of due care by the alleged permission given him by the conductor to lie down, both the fact and the claimed effect of which permission the defendant controverts. Defendant complains of the overruling of its objection to plaintiff's testimony of his conversation with the conductor, it being here urged that the conductor had no power to modify the rules. It would perhaps be enough to say that the objection indicates no ground on which it was made, and for that reason it cannot be considered. Pennsylvania Co. v. Whitney, supra, 169 Fed. at page 575, 95 C. C. A. at page 70; Robinson v. Van Hooser (C. C. A. 6th Cir.) 196 Fed. 620, 624, 116 C. C. A. 294. But the smallness of the verdict ($1,000) suggests that the jury took into account plaintiff's alleged negligence.

[5] By a supplemental brief, defendant complains of an instruction that plaintiff's recovery, if any, should be reduced "by such an amount as you find the negligence attributable to him bore in proportion to the negligence of the defendant company." It is urged that under this instruction, if plaintiff was found twice as negligent as defendant, he would recover one-half his damages. It is doubtful if this instruction, standing alone, should be so construed; but considered in connection with the instruction, elsewhere given in the charge, that "if the negligence of the plaintiff was as great as the negligence of the defendant,

there might be an equality of negligence, and therefore no substantial recovery of any amount of damages could be had"—it is clear defendant was not prejudiced.

The remaining assignments require little discussion. No prejudice could have resulted from sustaining the objection to the cross-examination of plaintiff's witness Moore. The answer could only have covered what was found in the company's book of rules which was afterwards admitted in evidence.

[6] The court was requested to charge that:

"In the exercise of ordinary care, the employés on the second train had a right to presume and to act on that presumption that the employés on the first train would obey the rules of the company by sending a flag back to protect the rear end of that train if it stopped upon the track."

This request would apparently have been proper if it is clear that it means only that, in determining the fact of ordinary care on the part of the operators of the following train, the jury would have the right to consider the natural expectation that the employés on the first train would send a flagman back to protect the rear end of their train in case it stopped. The request, however, was for an instruction that the employés on the second train had a right to "presume and act upon that presumption" that such flagging would be done. Such instruction would, we think, probably be understood by the jury as an instruction that conclusive reliance could be placed on that expectation, which, surely, cannot be the rule.

Other criticisms are made upon the proceedings below. We have considered them all, and it is our opinion that no error was committed to defendant's prejudice.

The judgment of the District Court is, accordingly, affirmed.