**PAYNE, Agent, v. ROBEY.  (No. 841.)\***

(Court of Civil Appeals of Texas. Beaumont. July 12, 1922. Rehearing Denied Oct. 11, 1922.)

1. **Negligence** ⬅101—**Contributory negligence no bar, under federal Employers' Liability Act, unless sole cause of injury.**

For contributory negligence to be a bar to recovery by an employé, under Employers' Liability Act U. S. §§ 1, 3 (U. S. Comp. St. §§ 8657, 8659), it must be the sole cause of the injury, and if defendant, through other employés, is guilty of negligence, however slight, in comparison with the negligence of the plaintiff employé, recovery may be had.

2. **Master and servant** ⬅276(3)—**Finding absence of lights caused injury justified.**

In action under Employers' Liability Act U. S. §§ 1, 3 (U. S. Comp. St. §§ 8657, 8659), by head cook on dining car, for injuries from stepping into uncovered waste hole in unlighted kitchen of the car, where defendants contended that plaintiff's act in not personally seeing that the waste hole was covered, instead of intrusting this duty to subordinates, was the sole cause of his injury, and not the failure to furnish lights, a jury finding that plaintiff would not have been injured if there had been sufficient lights for him to see what he was doing was justified, where the evidence was undisputed that when plaintiff retired the lights were burning, and that when he got up next morning, and went into the kitchen and was injured, there were no lights; the electricity therefor being exhausted.

3. **Appeal and error** ⬅930(3)—**Uncontroverted facts presumed found in support of judgment.**

Where the fact that one of the proximate causes of the injury was negligence in leaving a hole uncovered was undisputed, in absence of requested special issue, it must be taken as having been found by the trial court in favor of judgment for plaintiff.

4. **Master and servant** ⬅247(4)—**Negligence of servant's subordinates held negligence of master.**

In action under Employers' Liability Act U. S. §§ 1, 3 (U. S. Comp. St. §§ 8657, 8659), for injuries to dining car chief cook from stepping into uncovered waste hole in diner, *held* that, although plaintiff was negligent in failing to see that the waste hole was covered, instead of intrusting that duty to the third and fourth cooks, yet, the third and fourth cooks being also guilty of negligence in not obeying plain-

---

tiff's instructions to cover the hole, their negligence was the negligence of defendant carrier, so that plaintiff's negligence could not be said to be the sole cause of his injury, and therefore to bar his recovery.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Action by Z. R. Robey against John Barton Payne, Agent, and others. From a judgment against the named defendant, he appeals. Affirmed.

Garrison, Pollard & Berry and Baker, Botts, Parker & Garwood, all of Houston, for appellant.

Carothers & Brown, of Houston, for appellee.

O'QUINN, J. Appellee sued appellant and the Texas & New Orleans Railroad Company and Louisiana Western Railway Company for damages sustained by him while in the employ of said defendants as head cook on a dining car engaged in interstate commerce, operated between Lake Charles, La., and El Paso, Tex. Appellee alleged that he was chief chef in a dining car operated in connection with trains running between points in Louisiana and Texas; that on the morning of July 16, 1919, while it was dark, he went into the kitchen of the dining car for the purpose of performing his usual duties, and while so engaged stepped into a waste hole in the kitchen, causing him to fall, resulting in the injuries stated in his petition; that it was the duty of defendants to keep said waste hole covered, and that it was also their duty to furnish lights, and that they were negligent in not having the car equipped with sufficient lights, so as to enable him to see the condition of the waste hole on the morning that he entered the kitchen and was injured; and that such failure was negligence, and such negligence was the proximate cause of his injury. The defendants answered by general demurrer, general denial, and plea of contributory negligence.

The case was submitted to the jury upon special issues, in their answers to which they found that defendants failed to exercise ordinary care to furnish plaintiff with lights reasonably sufficient for the performance of the duties required of him, and that the failure to exercise such care was negligence, and the proximate cause of plaintiff's injuries; that plaintiff was in charge of and in control of the kitchen of the dining car, and that it was his duty, as chief chef, to go in person and see that the waste hole was covered before the kitchen was closed and locked for the night, and that his failure to do so was negligence, and that such negligence was a proximate cause of his injuries; that plaintiff sustained damages to the extent of $2,000, but that same should be diminished by the sum of $1,000, on account of his contributory negligence.

Upon rendition of the verdict, defendants filed a motion to have judgment entered in their favor upon the ground that the jury found that plaintiff, Robey, was in full charge of the kitchen, and that it was his duty in person to see that the waste hole was covered before he retired; that this duty of plaintiff was nondelegable, and that his failure to see that the waste hole was covered was negligence; and that said negligence barred any recovery by him, he being the vice principal and charged with the duty personally to see that the waste hole was covered. The court overruled defendant's motion for judgment, and entered judgment for plaintiff against defendant John Barton Payne, as Federal Agent of the United States Administration of Railroads, for the sum of $1,000. Said defendant then filed a motion for new trial, asking the court to set aside the judgment and to enter judgment for defendant, or grant defendant a new trial, which being overruled, he appeals.

The record shows without dispute that the car came into Lake Charles at about 11 o'clock on the night before appellee was injured, and was due to leave west early the next morning. The steward in charge of the dining car told appellee to get up at 4 o'clock the next morning to begin getting breakfast. Appellee went to bed between 11 and 12 o'clock, and left the third and fourth cooks cleaning up the kitchen. There were four cooks; the second, third, and fourth being under the instructions of the first cook. It was their duty to do what the first cook told them to do. The third and fourth cooks were the ones that usually cleaned up the kitchen, and they were instructed never to leave the waste hole open. The waste hole was some 10 inches in diameter in the floor of the kitchen, and was used to dump garbage through. The car was lighted with electricity from storage batteries. When appellee went to bed the lights were burning, but the steward went to bed and left the fan over his berth running, and the next morning, when appellee got up, there were no lights— the electricity was exhausted. There were no candles on the car, and the only place where appellee knew he could get any matches was in the kitchen. It was perfectly dark in the kitchen when appellee went in there, and while attempting to get the matches he stepped into the waste hole, which was uncovered, and was injured.

The effect of appellant's various propositions is to raise two questions: First, that the findings of the jury establish that plaintiff was charged with the nondelegable duty of seeing that the waste hole was covered before he retired for the night, and therefore an injury resulting to him on account of his failure to perform such duty would be an injury for which he could not recover; and,

second, that the failure of defendant to furnish lights could not have been the proximate cause which would render the defendant liable.

, 1. Appellant, by his first, second, third, fifth, and sixth propositions, contends that he was entitled to judgment. These propositions are to the effect that, inasmuch as appellee was chief chef in charge of the kitchen of the dining car, and it was his personal duty to see that the waste hole was covered, that said duty was nondelegable, and that by reason of the jury's finding that he was negligent in not performing that duty, and that said negligence was a proximate cause of his injuries, appellant was entitled to judgment. This presents the issue of contributory negligence. Appellee being engaged in the performance of duties in connection with interstate commerce, the case is controlled by the laws of Congress. The portions of the federal Employers' Liability Act applicable are:

Section 8657, U. S. Statutes: "Every common carrier by railroad while engaging in commerce between any of the several states or territories, or between any of the states and territories, or between the District of Columbia and any of the states or territories, or between the District of Columbia or any of the states or territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employé, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employé; and, if none, then of such employé's parents; and, if none, then of the next of kin dependent upon such employé, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employés of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, tracks, roadbed, works, boats, wharves, or other equipment." 35 Stat. 65.

Section 8659, U. S. Statutes: "In all actions wherever brought against any such common carrier by railroad under or by virtue of any of the provisions of this act to recover damages for personal injuries to an employé, or where such injuries have resulted in his death, the fact that the employé may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employé: Provided, that no such employé who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employés contributed to the injury or death of such employé." 35 Stat. 66.

[1] For contributory negligence to be a bar to the recovery, it must be the sole cause of the injury, and if the defendant, through other employés, is guilty of negligence, however slight, in comparison with the negligence of the complaining party, recovery may be had. Delano v. Roberts (Mo. App.) 182 S. W. 771; N. Y. Central Ry. Co. v. Niebel, 214 Fed. 952, 131 C. C. A. 248; Penn Ry. Co. v. Cole, 214 Fed. 948, 131 C. C. A. 248.

"It is only when [the complaining party's] act is the sole cause—when the defendant's act is no part of the causation—that defendant is free from liability under the act." Grand Trunk Western Railway Co. v. Lindsay, 233 U. S. 42, 34 Sup. Ct. 581, 58 L. Ed. 839, Ann. Cas. 1914C, 168.

The contention, therefore, that appellee is not entitled to recover, because he was in charge of the kitchen and it was his duty to see that the waste hole was covered, and that his negligence in not performing that duty was a proximate cause of his injury, is not sound, if the appellant was also guilty of negligence that contributed to the injury.

A case very much in point is Penn. R. Co. v. Goughnour, 208 Fed. 961, 126 C. C. A. 39. In that case a conductor sued for injuries sustained when an engine ran into his train from the rear, alleging that the flagman was negligent in failing to protect the rear end of the train. The evidence showed that it was the flagman's duty to give the necessary signals to protect his train, but that it was the conductor's duty to see that the flagman performed that duty. It was there contended that the conductor was not entitled to recover, since he was in charge and that the duty rested on him to see that the flagman protected the train; but the court held that since the flagman was negligent, and the flagman was an employé of defendant, the conductor was entitled to recover. See, also, Railway v. Wene, 202 Fed. 887, 121 C. C. A. 245; Railway v. Heinig's Adm'x, 162 Ky. 14, 171 S. W. 853. But the jury found that appellant's failure to furnish lights was negligence, and that such negligence was a proximate cause of appellee's injuries. Hence, under the statute and the holding in the foregoing decisions, judgment was properly rendered for appellee.

2. But appellant, by his fourth and seventh propositions, contends that the finding of the jury that the failure of defendant to keep lights could not have been the proximate cause which would render the defendant liable. In support of this contention, appellant says:

"We submit that the finding of the jury that the failure of the defendant company to furnish lights could not have been the proximate cause which would render defendant liable. It is true that the jury, in answer to special issues Nos. 1 and 2, found that the railway company failed to exercise ordinary care to furnish the car with reasonably safe lights, and that such failure was one of the proximate causes of plaintiff's injuries. It is not disputed, and the evidence is uncontradicted, that at the time the plaintiff retired the car was prop-

erly lighted; it is also undisputed that on the following morning the electric power had been exhausted, and no lights were burning at the time Robey entered the kitchen; but, had he performed the duty that was intrusted to him to close the waste hole before retiring, and see that the kitchen was locked, there could have been no injury, and his failure to perform the duty intrusted to him was the sole and proximate cause of his injury, and not the failure of the defendant to furnish the lights. The undisputed facts show, and there are no controverting facts, that Robey retired, leaving it to the third and fourth cooks to take charge of the kitchen and close the waste hole. This being his duty, he could not delegate it to another one of the chefs to see that the duty was performed, and then recover against the defendant for the failure of some other employé to cover the waste hole, when it was his duty to see that same was covered. It being his duty, he could not delegate it to some one else, and escape responsibility for his failure to perform the duties intrusted to him."

[2-4] It is thus seen that appellant takes the position that appellee's act in not personally seeing that the waste hole was covered was "the sole and proximate cause of his injury," and not the failure of the defendant to furnish lights. The question of proximate cause is usually one for the jury. Railway Co. v. Harrington (Tex. Civ. App.) 209 S. W. 685; Id. (Tex. Com. App.) 235 S. W. 188; Railway v. Wilkerson (Tex. Civ. App.) 224 S. W. 577; Railway Co. v. Diaz (Tex. Civ. App.) 234 S. W. 927. It is without dispute that when the appellee retired the lights were burning, and that when he got up the next morning there were no lights—the electricity was exhausted. If there had been proper lights, he could have seen the waste hole was not covered and avoided stepping into it. The jury, under all the circumstances, were justified in finding that the injury would not have happened, if there had been sufficient lights for appellee to see what he was doing. Railway Co. v. Mullin's Adm'x, 181 Ky. 148, 203 S. W. 1058. Furthermore, there is no dispute but that the third and fourth cooks negligently left the waste hole uncovered, after they had been instructed not to do so, and that their negligence was one of the proximate causes of appellee's injuries. In view of the fact that this was uncontroverted, and neither party requested the court to submit the same to the jury, it must be taken as having been so found by the court in favor of the judgment. Article 1985, U. S. C. S.; Payne v. Albright (Tex. Civ. App.) 235 S. W. 292. While under the jury's findings appellee was guilty of negligence in failing to see that the waste hole was covered, and the third and fourth cooks being also guilty of negligence in not obeying instructions to cover same, under the holdings of the above authorities, their negligence was the negligence of

appellant. Therefore, for this reason, also, under the law appellant is liable.

The evidence abundantly supports the findings of the jury that both appellant and appellee were negligent, and, the law authorizing the judgment upon the jury's findings, the same should be and is affirmed.