PAYNE, Agent, v. ROBEY. (No. 495–3895.)*

(Commission of Appeals of Texas, Section A. Jan. 30, 1924.)

1. Master and servant ⊸103(2)—Employee delegating his duty responsible for injury to himself.

Where it was the personal duty of the chief cook of dining car to close a waste hole in the kitchen, he could not delegate it to cooks under his control and relieve himself of liability to his employer, and, if injury resulted to himself, from his failure to close the hole, he was responsible.

2. Negligence ⊸59—"Proximate cause" of injury defined.

Negligence to be ·actionable must be the proximate cause of the injury complained of, and the test as to whether a negligent act is a proximate cause of the injury is whether, in the light of all attendant circumstances, the injury was such as ought reasonably to have been anticipated as a consequence of the act.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

3. Master and servant ⊸129(6)—Cook's failure to close waste hole in unlighted kitchen of diner held proximate cause of his injury from falling into hole.

Where plaintiff, head cook on a dining car, intrusted to subordinate cooks his personal duty to close a waste hole in the kitchen diner before retiring for the night, an injury sustained by plaintiff the next morning, when the kitchen was insufficiently lighted, from falling into the waste hole, held proximately caused by his failure to close the hole, precluding recovery under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665).

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by Z. R. Robey against John Barton Payne, Agent. The Court of Civil Appeals affirmed judgment of district court in favor of plaintiff (244 S. W. 214), and defendant brings error. Reversed and · rendered.

Baker, Botts, Parker & Garwood and Garrison & Watson, all of Houston, for plaintiff in error.

Carothers & Brown, of Houston, for defendant in error.

BISHOP, J. Defendant in error, in his suit against plaintiff in error, in his petition

alleged that he was an employee of plaintiff in error in the capacity of cook, on a dining car operated in connection with trains running between points in Louisiana and points in Texas; that on the morning of July 16, 1919, while it was yet dark, he went into the kitchen of said car to perform his duties and stepped into a waste hole in the floor and fell, whereby he was injured; that said waste hole should have been covered and plaintiff in error was negligent in failing to have same covered; that plaintiff in error also negligently failed to provide a proper light and allowed the electricity on said car to have become exhausted, by reason whereof the kitchen was in darkness and he could not see that the said waste hole had been left open; and that the dining car was engaged in interstate commerce. The plaintiff in error answered by general demurrer, general denial, and plea of contributory negligence.

On trial before a jury on special issues the jury found that plaintiff in error failed to exercise ordinary care to furnish defendant in error lights reasonably sufficient for the performance of the duties required of him, and that the failure to exercise such care was a proximate cause of his injuries; that defendant in error was in charge and control of the kitchen on the dining car in which he was injured, and it was his duty, as chief cook of the kitchen, to see that the waste hole was properly covered before the kitchen was closed and locked for the night; that it was his duty to go in person to see that this waste hole was covered before he retired, and that his failure to do so was negligence and a proximate cause of his injuries; that he suffered injury in the amount of $2,000, and that such amount should be diminished $1,000 by reason of his contributory negligence. The trial court on this verdict rendered judgment for defendant in error for $1,000, and the Court of Civil Appeals affirmed this judgment in an opinion stating fully the facts, and quoting the sections of the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), providing that a common carrier engaged in interstate commerce shall be liable in damages to an employee suffering injury, for such injury "resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, road bed, works, boats, wharves, or other equipment," and that "the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." 244 S. W. 214. We quote from the court's finding of facts as follows:

"The record shows without dispute that the car came into Lake Charles at about 11 o'clock on the night before appellee was injured, and was due to leave west early the next morning. The steward in charge of the dining car told appellee to get up at 4 o'clock the next morning to begin getting breakfast. Appellee went to bed between 11 and 12 o'clock, and left the third and fourth cooks cleaning up the kitchen. There were four cooks; the second, third, and fourth being under the instructions of the first cook. It was their duty to do what the first cook told them to do. The third and fourth cooks were the ones that usually cleaned up the kitchen, and they were instructed never to leave the waste hole open. The waste hole was some 10 inches in diameter in the floor of the kitchen, and was used to dump garbage through. The car was lighted with electricity from storage batteries. When appellee went to bed the lights were burning, but the steward went to bed and left the fan over his berth running, and the next morning, when appellee got up, there were no lights; the electricity was exhausted. There were no candles on the car, and the only place where appellee knew he could get any matches was in the kitchen. It was perfectly dark in the kitchen when appellee went in there, and while attempting to get the matches he stepped into the waste hole, which was uncovered, and was injured."

[1] The Court of Civil Appeals held that the third and fourth cooks were negligent in leaving the waste hole open, which was a proximate cause of the injury to defendant in error, and that this negligence was chargeable to plaintiff in error. In this the court erred. It was the duty of the first cook, the injured party, to personally see that this hole was closed before he retired at night. If he had performed this duty, the injury would not have occurred. This being a personal duty, he could not delegate it to those under his control and relieve himself of liability to his employer. Had the second cook been injured, as defendant in error was, plaintiff in error would have been liable in damages to the second cook, but could have recovered over against defendant in error on a plea that he had failed in his personal duty to see that this waste hole was closed before he retired for the night. This negligence was that of the injured employee, for which he was responsible to his employer for injuries to either himself or others. Quinn v. Glenn Lbr. Co., 103 Tex. 253, 126 S. W. 2; Anderson v. St. L. S. W. Ry. Co., 104 Tex. 344, 134 S. W. 1175, 138 S. W. 107; Horton v. Hartley (Tex. Civ. App.) 170 S. W. 1046.

The case of Penn. Ry. Co. v. Goughnour, 208 Fed. 961, 126 C. C. A. 39, cited by the Court of Civil Appeals in its opinion, is not authority for its holding that the negligence of the third and fourth cooks was that of plaintiff in error. In that case it was the duty of the flagman to give the necessary signals to protect his train. It was not the

conductor's duty to do this. The court there says:

"Undoubtedly the conductor was bound, if the flagman was, to his knowledge, neglecting his duty, to admonish him thereof and see, so far as it was possible, that he performed it."

Here it was the personal duty of the first cook to see that the waste hole was closed, a duty he had no right to delegate to those working under his control.

[2] The jury found, and the Court of Civil Appeals sustained the finding, that the failure of plaintiff in error to furnish sufficient light was negligence and a proximate cause of the injury to defendant in error. Negligence to be actionable must be a proximate cause of the injury complained of. The test as to whether a negligent act is a proximate cause of the injury is whether, in the light of all attendant circumstances, the injury was such as ought reasonably to have been anticipated as a consequence of the act. G. H. & S. A. Ry. Co. v. Bell, 110 Tex. 104, 216 S. W. 390.

In the case of American Bridge Co. v. Seeds, 144 Fed. 605, 75 C. C. A. 407, 11 L. R. A. (N. S.) 1041, the court says:

"There is no duty imposed upon a master to anticipate breaches of duty on the part of his servants, but he may lawfully reckon the natural and probable result of his actions upon the supposition that his servants will obey the law and faithfully discharge their duties. The legal presumption is that they will do so, and this is the only practicable basis for the measurement of the acts, rights, or remedies of mankind."

[3] Though the plaintiff in error did direct the defendant in error to get up at 4 o'clock in the morning to begin getting breakfast, and at that time did negligently fail to furnish sufficient light, could it be said that in the light of all the attendant circumstances the injury here complained of, or some like injury, ought reasonably to have been anticipated? We think not. Plaintiff in error had the right to presume that defendant in error would perform his duty, and that before he retired for the night he would see that the waste hole was closed. Having a right to presume that he had performed this duty, it could not have been reasonably anticipated that he would fall into this hole. If in the light of all attendant circumstances it had been shown that plaintiff in error knew, or ought to have known, that defendant in error had failed to see that the hole was covered before he retired, the case would have been different, and it could then have been said that plaintiff in error could have anticipated some such injury. Or, if the electricity had become exhausted before defendant in error retired for the night, and he had entered the kitchen for the purpose

of closing the hole, or for any other purpose, the resulting injury should clearly have been foreseen. But we have no such a case here. We have therefore concluded that this negligence alleged in the petition, as a matter of law, under the evidence in this case, was not a proximate cause of the injury complained of, and the trial court should not have rendered judgment for defendant in error on the findings of the jury. M. K. & T. Ry. Co. v. Byrne, 100 Fed. 359, 362, 40 C. C. A. 402.

It follows that, under the evidence and findings of the jury, the negligence of defendant in error in failing to perform his duty by seeing that the waste hole was closed before he retired, was the sole cause of his injuries, and that the judgments of both the Court of Civil Appeals and the district court should be reversed and judgment rendered for plaintiff in error.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both reversed, and judgment rendered for the plaintiff in error.